# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$ FINAL

## 2017-SC-000196-MR DATE 4/12/18 Kim Redmon, DC

MELISSA PITTMAN · APPELLANT

ON APPEAL FROM MARION CIRCUIT COURT
V. · HONORABLE ALLAN RAY BERTRAM, JUDGE
NO. 13-CR-00089

COMMONWEALTH OF KENTUCKY · APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

A circuit court jury convicted Melissa Lynn Pittman of Second-Degree Criminal Abuse, specifically of the charge that Pittman wantonly permitted abuse that caused serious physical injury to a child, and of being a First-Degree Persistent Felony Offender ("PFO"). The jury recommended a sentence of five years' imprisonment on the underlying criminal-abuse charge, enhanced to twenty years as a PFO, and the trial court sentenced her accordingly. Pittman appeals the resulting judgment to this Court as a matter of right[1] and raises two issues for review: 1) whether the trial court erroneously failed to strike a prospective juror for cause; and 2) whether the trial court erroneously denied Pittman's motions for a mistrial on two occasions. Finding no error in the actions of the trial court, we affirm the judgment.

---

[1] Ky. Const. § 110(2)(b).

# I. ANALYSIS.

## A. The trial court did not err in denying Pittman's motion to strike a juror for cause.

During voir dire, Pittman inquired of the prospective jurors whether any of them thought that other countries that require an accused to prove innocence, rather than the government to prove guilt, might have a better system. Juror 1036 responded affirmatively to this question. Based on this response and other statements Juror 1036 made during ensuing conversation with the trial court and defense counsel, defense counsel moved to strike this juror for cause.

The Commonwealth disputes the preservation of this issue, but from our reading of the record, we agree with Pittman that she properly preserved this issue for appellate review. After the discussion that included Juror 1036, the trial court, and defense counsel, Pittman moved to strike the juror for cause, which the trial court denied. We take note that defense counsel's strike sheet purports to identify another juror for whom Pittman would have removed by peremptory strike had Pittman not felt compelled to use the peremptory strike to remove Juror 1036.[2] Pittman also argued the error in failing to excuse Juror 1036 for cause in her motion for a judgment notwithstanding the verdict. Pittman's actions sufficiently preserve this issue for our review.

---

[2] *See Gabbard v. Commonwealth,* 297 S.W.3d 844, 854 (Ky. 2009) ("[T]his Court concludes that in order to complain on appeal that he was denied a peremptory challenge by a trial judge's erroneous failure to grant a for-cause strike, the defendant must identify on his strike sheet any additional jurors he would have struck.")

2

"We review a trial court's decision on whether to excuse a juror for cause for abuse of discretion."[3] "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[4]

RCr[5] 9.36 states, "When there is reasonable ground to believe that a prospective juror cannot render a fair and impartial verdict on the evidence, that juror shall be excused as not qualified." While it is true that "[t]he bias of a prospective juror may be actual or implied,"[6] and that "because the juror may be unaware of [his or her own bias], it necessarily must be inferred from the surrounding facts and circumstances,"[7] the trial court did not err in denying Pittman's motion to strike Juror 1036 for cause in this case.

After reviewing Juror 1036's conversation with the trial court and defense counsel, we find no reasonable ground for the trial court to believe Juror 1036 to be biased. Recall the question Pittman posed to Juror 1036: Whether the system would be better if an accused were required to prove innocence, rather than the government prove the accused guilty. To start, this question poses to the prospective juror an open-ended, theoretical question

---

[3] *Adkins v. Commonwealth*, 96 S.W.3d 779, 795 (Ky. 2003) (citing *Pendleton v. Commonwealth*, 83 S.W.3d 522, 527 (Ky. 2002); *Sholler v. Commonwealth*, 969 S.W.2d 706, 708 (Ky. 1998)).

[4] *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

[5] Kentucky Rules of Criminal Procedure.

[6] *U.S. v. Wood*, 299 U.S. 123, 133 (1936).

[7] *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984) (Brennan, J. and Marshall, J. concurring).

exploring a fundamental tenent of our criminal justice system that did not bear directly upon any prospective juror's ability to decide the facts of Pittman's case in a fair and impartial manner according to Kentucky law.

In fact, defense counsel and the trial court directly asked Juror 1036 whether Juror 1036's possibly favorable view of another system's requirement, that the accused prove innocence, would affect Juror 1036's ability to decide this case in a fair and impartial manner. And Juror 1036 responded with numerous indications that it would not. Juror 1036 made such statements as: "Right now, I would say I have no reason for that person over there to be guilty. Cause I haven't seen any facts, nobody has presented a case."; "No, I don't think [Pittman] has to prove innocence because that is not how our system works. I'm going to look at the facts."; "...that's a completely different, philosophical question."; "I believe in the American system...I think, basically, it is wrong. But do I abide by the way the laws of the country are written? Yes."

Furthermore, we note the following conversation between Juror 1036 and the trial court:

> Trial Court: So, when you see the defendant here today in the courtroom, and she has this charge levied by the Grand Jury, is she guilty?
>
> Juror 1036: She is innocent.
>
> Trial Court: And you view her as innocent?
>
> Juror 1036: She is innocent because I have seen no evidence that she is guilty.
>
> Trial Court: Does she have to prove anything to you in order to walk out of here not guilty?

4

Juror 1036: Nope. She's (referring to the prosecutor) got to show me stuff that she's (referring to Pittman) guilty. She (referring to Pittman) doesn't have to show me anything.

The conversation among the trial court, Pittman's counsel, and Juror 1036, shows that Juror 1036 understood that the Commonwealth has the burden of proof in a criminal case and that he would abide by this principle of law. In other words, the trial court, based on Juror 1036's articulate and clear responses, had no reason to believe that Juror 1036 was unfit to serve on this jury. So we conclude that the trial court did not abuse its discretion when it denied Pittman's motion to strike Juror 1036.

## B. The trial court did not err in denying Pittman's motions for a mistrial.

Pittman argues that the trial court erred on two separate occasions when it denied her motions for a mistrial. Because Pittman timely moved for a mistrial on both occasions, she has preserved these issues for our review. "[A] ruling declaring a mistrial will not be disturbed absent an abuse of discretion by the trial court."[8]

"A mistrial is an 'extreme remedy' of last resort and is appropriate only when there appears in the record a manifest necessity."[9] "The central inquiry is whether either party's right to a fair trial has been infringed upon."[10] A "[m]istrial should only be 'used in those situations where an error of such

---

[8] *Hammond v. Commonwealth*, 504 S.W.3d 44, 51 (Ky. 2016) (quoting *Gray v. Commonwealth*, 480 S.W.3d 253, 273 (Ky. 2016)).

[9] *York v. Commonwealth*, 353 S.W.3d 603, 607 (Ky. 2011) (internal citations omitted).

[10] *Id.* (citing *Graves v. Commonwealth*, 285 S.W.3d 734, 737 (Ky. 2009)).

import has been committed that a litigant's right to a fair and impartial jury would be violated if a new trial were not held.'"[11]

### 1. The trial court did not err in denying Pittman's first motion for a mistrial.

During voir dire, the court took a short recess. Before coming back on the record, Pittman herself requested to speak with the trial court. The parties retired to chambers, and Pittman herself expressed concern that several witnesses that she wanted to testify on her behalf had not been subpoenaed. And she asked for a continuance to address this issue.

Defense counsel then moved for a mistrial because some members of the assembled venire had heard Pittman's request to speak with the trial court and defense counsel noted that she had heard several of the jurors say "mistrial" upon hearing Pittman's request. Defense counsel argued that the venire had thus been tainted by her request. The trial court denied Pittman's motion for a mistrial.

Pittman's only argument for the granting of a mistrial in this instance is a vague and unsubstantiated notion that, "Clearly, the panel became aware that there was an issue with Ms. Pittman and might have made a negative inference from her action of requesting to speak with the judge." Without more, such conjecture does not rise to the level of injustice required for the granting of a mistrial. As such, the trial court did not abuse its discretion in denying Pittman's motion for a mistrial on this basis.

---

[11] *Kingrey v. Commonwealth*, 396 S.W.3d 824, 829 (Ky. 2013) (citing *Welch v. Commonwealth*, 235 S.W.3d 555, 559 (Ky. 2007)).

6

## 2. *The trial court did not err in denying Pittman's second motion for a mistrial.*

During the presentation of Pittman's case-in-chief, Pittman's husband testified as a witness for her. During the Commonwealth's cross examination, the Commonwealth asked why he did not go to the hospital where the child victim had been taken instead waiting until the next day after going home to sleep. Pittman's husband responded, "I went home and got my wife out of jail."

In a bench conference, defense counsel moved for a mistrial, arguing that the Commonwealth had just elicited KRE[12] 404(b) evidence without prior notice. The Commonwealth responded that it had not attempted to elicit this information that was volunteered by Pittman's husband. The trial court denied Pittman's motion for a mistrial, but granted Pittman's request for an admonition, admonishing the jury to disregard Pittman's husband's response.

This Court has, several times, addressed the issue of whether an unsolicited reference to prior criminal acts can be cured by an admonition to disregard the testimony, concluding that such admonition does cure such reference.[13] Specifically, in *Matthews v. Commonwealth*, this Court stated:

> We have long held that an admonition is usually sufficient to cure an erroneous admission of evidence, and there is a presumption that the jury will heed such an admonition. A trial court only declares a mistrial if a harmful event is of such magnitude that a litigant would be denied a fair and impartial trial and the prejudicial effect could be removed in no other way. Stated

---

[12] Kentucky Rules of Evidence.

[13] *See Matthews v. Commonwealth*, 163 S.W.3d 11, 17 (Ky. 2005); *Sherroan v. Commonwealth*, 142 S.W.3d 7, 17 (Ky. 2004); *Gray v. Commonwealth*, 203 S.W.3d 679, 691 (Ky. 2006).

7

differently, the court must find a manifest, urgent, or real necessity for a mistrial.[14]

We have also previously outlined the "two circumstances in which the presumptive efficacy of an admonition falters: (1) when there is an overwhelming probability that the jury will be unable to follow the court's admonition and there is a strong likelihood that the effect of the inadmissible evidence would be devastating to the defendant; or (2) when the question was asked without a factual basis and was 'inflammatory' or 'highly prejudicial.'"[15]

Pittman has failed to suggest to us any specific way in which a mistrial was warranted, either because the admonition failed to cure the taint or because the taint itself warranted a mistrial. Pittman, instead, only makes conclusory allegations that the jury disregarded the admonition and that the statement violated Pittman's right to a fair trial. Again, without more, these simple, conclusory allegations do not render the trial court's denial of Pittman's motion for a mistrial an abuse of discretion. As stated, a mistrial is an extreme remedy not to be granted lightly, and no facts exist in this case suggesting that the granting of a mistrial was warranted, either because the admonition did not sufficiently cure the taint or because the taint was inflammatory or highly prejudicial.

---

[14] *Matthews*, 163 S.W.3d at 17-18.

[15] *Dunlap v. Commonwealth*, 435 S.W.3d 537, 570-71 (Ky. 2013) (quoting *Johnson v. Commonwealth*, 105 S.W.3d 430, 441 (Ky. 2003)).

## II. CONCLUSION.

We find no error by the trial court, and we affirm the judgment.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Linda Roberts Horsman
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

James Daryl Havey
Assistant Attorney General